UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY J. WANG,

    Plaintiff,

v.                                                     CASE NO.  2:18-cv-12924
                                                     HON. NANCY G. EDMUNDS
                                                     MAG. R. STEVEN WHALEN

BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN
operating as the UNIVERSITY OF
MICHIGAN, and NANCY HOBBS,
individually and in her official capacity,

    Defendants.

---

| | |
|---|---|
| Sam Morgan (P36694) | Timothy H. Howlett (P24030) |
| GASIOREK, MORGAN, GRECO, | Angelina R. Irvine (P81712) |
| McCAULEY & KOTZIAN, P.C. | DICKINSON WRIGHT PLLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30500 NW Hwy, Suite 425 | 500 Woodward Avenue, Suite 4000 |
| Farmington Hills, MI  48334 | Detroit, Michigan  48226 |
| (248) 865-0001 | (313) 223-3500 |
| smorgan@gmgmklaw.com | thowlett@dickinsonwright.com |
| | airvine@dickinsonwright.com |

---

## ANSWER AND AFFIRMATIVE DEFENSES

      NOW COME Defendants Board of Regents of the University of Michigan, operating as the University of Michigan, and Nancy Hobbs ("Defendants"), by their attorneys Dickinson Wright PLLC, and answer Plaintiff's Complaint as follows:

-2-

1. Defendants deny that they have deprived Plaintiff of any rights arising out of her employment relationship with Defendants. Further answering, Defendants neither admit nor deny because the allegations call for legal conclusions.

2. Upon information and belief, Defendants admit.

3. Defendants admit.

4. Defendants admit.

5. Defendants admit only that Plaintiff was employed by the Defendant University as the Director of Procurement Services and reported directly to Ms. Hobbs from on or about August 7, 2017 until on or about June 19, 2018.

6. Defendants admit.

## JURISDICTION AND PARTIES

7. Defendants neither admit nor deny because the allegations call for legal conclusions.

8. Defendants neither admit nor deny because the allegations call for legal conclusions.

9. Defendants neither admit nor deny because the allegations call for legal conclusions.

10. Defendants neither admit nor deny because the allegations call for legal conclusions.

11. Defendants admit.

12. Defendants neither admit nor deny because the allegations call for legal conclusions.

13. Defendants neither admit nor deny because the allegations call for legal conclusions.

## GENERAL ALLEGATIONS

14. Defendants admit.

15. Defendant admit that Plaintiff received positive evaluations as Executive Director for User Experience in Fiscal Year 2015 and Fiscal Year 2016. Further answering, in Fiscal Year July 1, 2016 to June 30, 2017 was evaluated as less than successful.

16. Defendants admit only that Plaintiff received a 7.6% pay increase to $195,000.

17. Defendants deny.

18. Defendants admit.

19. Defendants admit.

20. Defendants admit only that Plaintiff was one of ten senior administrators that reported directly to Ms. Hobbs.

21. Defendants admit.

22. Defendants admit.

23. Defendants deny.

24. Defendants deny.

25. Defendants deny that the Finance Department has a formal process for senior administrators.

26. Defendants deny.

27. Defendants deny that the formal work plans are used for senior administrators.

28. Defendants admit only that coaching and feedback sessions are conducted throughout the year for senior administrators.

29. Defendants deny to the extent the allegations relate to senior administrators.

30. Defendants deny to the extent the allegations relate to senior administrators.

31. Defendants deny to the extent the allegations relate to senior administrators.

32. Defendants deny to the extent the allegations relate to senior administrators.

33. Defendants deny to the extent the allegations relate to senior administrators.

34. Defendants admit.

35. Defendants admit only that Plaintiff and Ms. Hobbs had continuing discussions to draft Plaintiff's FY 2018 work plan.

36. Defendants deny.

37. Defendants deny.

38. Defendants deny.

39. Defendants deny that Plaintiff was fully vested in helping the Procurement Services organization become successful.

40. Defendants deny.

41. Defendants deny.

42. Defendants deny.

43. Defendants deny.

44. Defendants deny.

45. Defendants admit only that the International Center requested assistance by Plaintiff.

46. Defendants admit, denying, however, that the licensed Michigan attorney was not employed by the University as an attorney.

47. Defendants neither admit nor deny because the allegations call for legal conclusions.

48. Defendants neither admit nor deny because the allegations call for legal conclusions.

49. Defendants admit neither admit nor deny because the allegations call for legal conclusions.

50. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge.

51. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge.

52. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge, denying, however, that the IC employee was working in the IC as an attorney.

53. Defendants admit.

54. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

55. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

56. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge.

57. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge or activities.

58. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge or activities, denying, however, that the IC employee was working in the IC as an attorney.

59. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge or activities, denying, however, that the IC employee was working in the IC as an attorney.

60. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge.

61. Defendants neither admit nor deny because they do not have sufficient information or knowledge to form a belief as to the truth of the allegations.

62. Defendants neither admit nor deny because they do not have sufficient information or knowledge to form a belief as to the truth of the allegations.

63. Defendants neither admit nor deny because they do not have sufficient information or knowledge to form a belief as to the truth of the allegations.

64. Defendants neither admit nor deny because they do not have sufficient information or knowledge to form a belief as to the truth of the allegations.

65. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

66. Defendants neither admit nor deny because they do not have sufficient information or knowledge of the allegations.

67. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge or activities, denying, however, that the IC employee was working in the IC as an attorney.

68. Defendants deny.

69. Defendants deny.

70. Defendants deny.

71. Defendants deny.

72. Defendants deny.

73. Defendants deny.

74. Defendants deny.

75. Defendants deny.

76. Defendants deny.

77. Defendants admit only that Plaintiff volunteered that she would not misrepresent the subordinate employee's duties and that Ms. Hobbs responded that no one would ask her to do so.

78. Defendants admit.

79. Defendants admit.

80. Defendants admit only that the subordinate employee understood the necessity for the changes and accepted the changes.

81. Defendants deny.

82. Defendants deny.

83. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

84. Defendants admit.

85. Defendants deny that Plaintiff was asked to sign the application.

86. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

87. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

88. Defendants admit.

89. Defendants admit only that Plaintiff presented the offer letter to the subordinate employee and that the subordinate employee signed the letter..

90. Defendants deny.

91. Defendants admit, denying, however, that the IC employee was working in the IC as an attorney.

92. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

93. Defendants deny because the meeting was to discuss Plaintiff's failure to perform her job satisfactorily.

94. Defendants deny.

95. Defendants deny.

96. Defendants admit only that the possibility of reorganization was being discussed.

97. Defendants admit only that Defendant Hobbs discussed reassigning some Procurement Services employees because of concerns with Plaintiff's performance issues in managing her current workload.

98. Defendants deny that Ms. Hobbs was reorganizing any personnel to permit the subordinate employee to continue as a manager.

99. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge, denying, however, that the IC employee was working in the IC as an attorney.

100. Defendants admit only that Plaintiff said the change of reporting should be communicated to the International Center.

101. Defendants admit, denying, however, that the IC employee was working in the IC as an attorney.

102. Defendants deny.

103. Defendants deny.

104. Defendants admit only that they had agreed they would inform the IC of changes.

105. Defendants deny.

106. Defendants deny.

107. Defendants deny.

108. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

109. Defendants admit.

110. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

111. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents, denying, however, that the IC employee was working in the IC as an attorney.

112. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge, denying, however, that the IC employee was working in the IC as an attorney.

113. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

114. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

115. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

116. Defendants admit only Ms. Hobbs informed Plaintiff she was relieving her from her position. Further answering, Defendants deny that Ms. Hobbs informed Plaintiff that she wanted her to resign.

117. Defendants admit.

118. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

119. Defendants neither admit nor deny because they do not have knowledge of Plaintiff's personal knowledge.

120. Defendants deny.

121. Defendants deny.

122. Defendants admit only that Plaintiff discussed her termination with the Finance Department human resources officer.

123. Defendants deny.

124. Defendants deny.

125. Defendants admit only that Plaintiff made a request for her personnel file.

126. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

127. Defendants deny.

128. Defendants deny.

129. Defendants admit.

130. Defendants deny.

131. Defendants admit only that the human resources officer was present.

132. Defendants deny.

133. Defendants deny.

134. Defendants admit only that Ms. Hobbs read from a document the reasons for terminating Plaintiff's employment.

135. Defendants deny.

136. Defendants deny.

137. Defendants deny.

138. Defendants deny.

139. Defendants deny.

140. Defendants deny.

141. Defendants deny.

142. Defendants deny.

143. Defendants deny.

144. Defendants deny.

145. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

146. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

147. Defendants neither admit nor deny because the writing speaks for itself and is the best evidence of its contents.

148. Defendants admit.

149. Defendants deny.

150. Defendants admit.

151. Defendants neither admit nor deny because the allegations call for legal conclusions.

## COUNT I
## VIOLATION OF 42 U.S.C.A. §1983 FIRST AMENDMENT RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

152. Defendants incorporate by reference their responses to paragraphs 1 through 151 as though set forth in full herein.

153. Defendants neither admit nor deny because the allegations call for legal conclusions.

152. Defendants deny.

154. Defendants deny.

155. Defendants deny.

156. Defendants deny.

157. Defendants deny.

158. Defendants deny.

## COUNT II
## VIOLATION OF 42 U.S.C.A. §1983 FOURTEENTH AMENDMENT DENIAL OF STATE CONSTITUTIONAL RIGHTS WITHOUT AFFORDING DUE PROCESS OF LAW

159. Defendants incorporate by reference their responses to paragraphs 1 through 158 as though set forth in full herein.

160. Defendants neither admit nor deny because the allegations call for legal conclusions.

161. Defendants deny.

162. Defendants deny.

## COUNT III
## VIOLATION OF THE MICHIGAN WHISTLEBLOWERS' PROTECTION ACT

163. Defendants incorporate by reference their responses to paragraphs 1 through 162 as though set forth in full herein.

164-172. This Count has been dismissed by the Court.

## COUNT IV
## RETALIATION IN VIOLATION OF MICHIGAN'S ESTABLISHED PUBLIC POLICY

173. Defendants incorporate by reference their responses to paragraphs 1 through 164 as though set forth in full herein.

174-179. This Count has been dismissed by the Court.

WHEREFORE, Defendants request that this Court enter a judgment of no cause of action in their favor and against Plaintiff and award Defendants their reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.

## AFFIRMATIVE AND SPECIAL DEFENSES

Defendants state as follows for its Affirmative and Special Defenses to Plaintiff's Complaint:

1. Plaintiff's claims are barred by governmental immunity.

2. Plaintiff's claims against the Board of Regents, University of Michigan and Nancy Hobbs in her official capacity are barred by sovereign immunity under the Eleventh Amendment to the U.S. Constitution.

3. Plaintiff's 1983 claims against Nancy Hobbs in her individual capacity are barred by qualified immunity.

4. Plaintiff has failed to mitigate her alleged damages as required by law.

5. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

6. Defendants had legitimate non-discriminatory reasons for the challenged employment decisions.

7. Defendant reserves the right to add additional affirmative defenses as they become apparent and known to him as a result of discovery in this litigation.

WHEREFORE, Defendants request that this Court enter a judgment of no cause of action in their favor and against Plaintiff and award Defendants their reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.

                              DICKINSON WRIGHT PLLC

                              By: */s/ Timothy H. Howlett*
                                  Timothy H. Howlett (P24030)
                              500 Woodward Avenue, Suite 4000
                              Detroit, MI  48226
                              (313) 223-3500
                              thowlett@dickinsonwright.com
                              Attorneys for Defendants

Dated:  November 14, 2018

## CERTIFICATE OF SERVICE

I certify that on November 14, 2018, I electronically filed the foregoing *Answer and Affirmative Defenses* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

                              */s/ Colleen L. Maguire*
                              Legal Secretary
                              DICKINSON WRIGHT, PLLC
                              500 Woodward Avenue, Suite 4000
                              Detroit, Michigan  48226-3425
                              (313) 223-3500
                              cmaguire@dickinsonwright.com